Green J.
delivered the opinion of the court.
It is manifest from' the face of the deed in this case, that although it purports in terms to be an absolute conveyance of the property, that, in fact, it was only intended as a security to Simpson. The stipulation that some of the property should be again sold, and the proceeds accounted’ for, and to be applied to the payment of certain debts, is demonstrative that there was a trust reposed in Simpson, and that the conveyance was only for his security. In this view of the case, the deed is liable to the full force .of the objection which existed in the cases of Darwin vs. Hadly (3 Yer. Rep. 502), and Sommerville and Crutcher vs. Horton (4 Yer. Rep. 541). Doubtless there was an honest debt due to Simpson, to secure which, the deed was in part intended; but as it also included property which must necessarily consume in the using, and which must have been covered by the deed, that’it might be secured for the use of Staple’s family, it was so far fraudulent, and was made to “hinder and delay creditors,” and being fraudulent in part, it is good for nothing.
Had it been an absolute sale, without any reservation of a trust for the use of Staples, then the property having remained in possession of Staples for two years, all the *420 time being used as though it were his, would be evidence g,au(j^ wj1jcj1 is repelled by proof of fairness. The jury was, therefore, justified in finding that the deed was fraudulent; and the judgment will therefore be affirmed.
Judgment affirmed.